# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| REBECCA GORDON,<br><br>        Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,[1]<br>Acting Commissioner of Social Security,<br><br>        Defendant. | CASE NO. 4:16-cv-00261-GBC<br><br>(MAGISTRATE JUDGE COHN)<br><br>OPINION AND ORDER TO DENY PLAINTIFF'S APPEAL |

## OPINION AND ORDER TO DENY PLAINTIFF'S APPEAL

This matter is before the undersigned United States Magistrate Judge for decision. Plaintiff Rebecca Gordon ("Plaintiff") seeks judicial review of the Commissioner of the Social Security Administration's decision finding of not disabled. As set forth below, the Court **DENIES** Plaintiff's appeal and **AFFIRMS** the Commissioner's decision in this case.

## I. STANDARD OF REVIEW

To receive disability or supplemental security benefits under the Social Security Act ("Act"), a claimant bears the burden to demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); accord 42 U.S.C. § 1382c(a)(3)(A).

---

[1] Effective January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d)(1), Commissioner Berryhill is automatically substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

The Act further provides that an individual:

> shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Plaintiff must demonstrate the physical or mental impairment "by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. §§ 404.1520, 416.920; Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988) (setting forth the five steps in detail). "If a determination can be made at any of the steps that a plaintiff is or is not disabled, evaluation under a subsequent step is not necessary." Williams, 844 F.2d at 750. The claimant bears the burden of proof at steps one through four. See Wells v. Colvin, 727 F.3d 1061, 1064 at n.1. (10th Cir. 2013). If the claimant satisfies this burden, then the Commissioner must show at step five that jobs exist in the national economy that a person with the claimant's abilities, age, education, and work experience can perform. Id.

In reviewing a decision of the Commissioner, the Court is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence. See e.g., 42 U.S.C. § 405(g) ("court shall review only the question of conformity with such regulations and the validity of such regulations"); Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See id. Substantial evidence "does not mean a large or considerable amount

of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Pierce v. Underwood, 487 U.S. 552, 565 (1988) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The Court's review is based on the record, and the Court will "meticulously examine the record as a whole, including anything that may undercut or detract from the [Administrative Law Judge's] findings in order to determine if the substantiality test has been met." Id. The Court may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. See Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. See White v. Barnhart, 287 F.3d 903, 908 (10th Cir. 2002).

## II. BACKGROUND

**A.     Procedural History**

Plaintiff protectively filed an application for Disability Insurance Benefits on August 2, 2013, alleging she become disabled as of May 29, 2013, due to obesity, degenerative disc disease L5-S1, degenerative joint disease, arthritis, herniated disk, back injury, incontinence, rotator cuff, bleeding stomach, heal spurs, deafness, cataracts, and emotional stress. (Tr. 17, 44, 146, 157). A hearing was held before an Administrative Law Judge ("ALJ") on January 29, 2015. (Tr. 76-77, 89-116). The ALJ issued a decision on March 20, 2015, finding Plaintiff not disabled within the meaning of the Act. (Tr. 12-25). Plaintiff was fifty-six (56) years old at the time of the hearing. (Tr. 89-116, 146). The Appeals Council denied her request for review by an order dated April 21, 2016, and thus, the ALJ decision became the final decision of the Commissioner. (Tr. 1-6). This appeal followed.

# III. ISSUES AND ANALYSIS

On appeal, Plaintiff alleges the following error: The ALJ's residual functional capacity ("RFC") findings do not reflect the step two findings. (See Pl. Br. at 2, Doc. 21).

## A. ALJ's Review of the Record and RFC Findings

Plaintiff states the ALJ erred by failing to include the severe impairments at step two in the RFC. (Pl. Br. at 2). In the decision, the ALJ reviewed the record to formulate the RFC.

> The claimant has the following severe impairments: obesity and Degenerative Disc Disease L5-S1 … the claimant has the [RFC] to perform the full range of medium work …
>
> Claimant filed for disability benefits on August 2, 2013, and reported conditions of degenerative joint disease, arthritis, herniated disc, back injury, incontinence, rotator cuff, bleeding stomach, heel spurs, deafness, cataracts on eyes and emotional stress. Claimant completed 11th grade and did not attend special education classes …
>
> Claimant testified at the hearing that she last worked in March of 2013 as a picker for Amazon.com. She did this for about seven years … She can lift a gallon of milk … cleans, loads the dishwasher and takes the laundry into the living room to fold … loads the groceries into the car …
>
> At [the] consultative examination with Dr. Saad M. Al-Shathir, M.D., on October 9, 2013, claimant's weight was 200 pounds at 54" in height … Joints revealed no active synovitis or visible arthritis. There was no effusion or deformity and claimant had full range of motion of 4 limbs. Lumbar spine revealed no visible scoliosis or muscle spasm with range of motion. Palpation revealed localized tenderness L5 middle line and heels plantar surface … Strength was 5/5 of 4 limbs … Coordination and muscle tone was normal … Claimant can do tandem gait, heeling / toeing and balance on one leg. Straight leg raising test was negative for radiating symptoms seated and supine with no reported pain. Gait was normal speed and stable without assistive device … Claimant can lift 10 pounds from bed and from the floor, bending from the waist and squatting. Claimant can do frequent sitting / standing and pushing / pulling. Claimant can reach above head level and manipulate objects in hands. She can do occasional squatting or kneeling and work on heights. She can climb steps. Dr. Al-Shathir opined claimant can do any sustained light work related activity …
>
> Treatment records with Dr. Jack Doney, M.D. dated February 25, 2013, note prescriptions of Lortab, Crestor and phentermine for hyperlipidemia and chronic pain. Claimant returned on March 31, 2014, and stated she wanted to restart

> hydrocodone for chronic pain. Dr. Doney wrote a prescription for Vicodin 7.5 / 325 mg #120, every 4-6 hours as needed for pain …
>
> As for opinion evidence, State Agency physicians and psychologists reviewed claimant's records on November 13, 2013, November 18, 2013, March 6, 2014, and March 12, 2014, and **found all physical conditions are non-severe** and there is no medically determinable mental impairment. **The [ALJ] has provided slightly more limitation by finding that claimant could not perform more than "medium" work**; this is based on claimant's testimony and lumbar spine x-rays …

(Tr. 17-20) (bold and underline emphasis added). Thus, the ALJ thoroughly reviewed the record and medical opinions, identified Plaintiff's severe impairments of obesity and degenerative disc disease L5-S1, and limited Plaintiff to medium work in the RFC. Id. Plaintiff does not dispute the ALJ's findings as to her severe impairments, but she argues the ALJ did not consider them in the RFC. (Pl. Br. at 3).

1. **RFC for Medium Work and Plaintiff's Severe Impairments**

Plaintiff states the ALJ erred by failing to account for her severe impairments within the RFC. (Pl. Br. at 3). In reviewing the record, the ALJ further found:

> As revealed by the record, claimant has had rather limited treatment …
>
> She has not been hospitalized since 1993 when she herniated the disc in her back. X-rays of the lumbar spine dated November 13, 2014 revealed moderate degenerative disc disease and facet arthrosis L5-S1, atherosclerosis …
>
> The [ALJ] does not find claimant to be a fully credible witness … Claimant completed an SSA function report and reported that as of November 2013, her feet were worse and she could barely walk … and she could not do anything because of pain. Claimant lists these additional allegations, but there are no additional treatment notes indicating such drastic limitation during this period of time (or ever, for that matter). In fact, treatment notes from November 19, 2014, document that claimant described her activity level as "very active – I engage in 5 hours or more of weekly physical activity …"
>
> The statements of the claimant concerning her impairments and their impact on her ability to work are not entirely credible in light of the infrequency and conservative nature of medical treatment required, the reports of her treating practitioners, the medical history, the lack of significant findings during objective testing, the findings made on examination, the claimant's demeanor at [the]

hearing, and the marked discrepancies between her allegations and the information contained in documentary reports.

(Tr. 18-20.) Therefore, the ALJ made an allowance for Plaintiff's limitations, despite finding the allegations not entirely credible and noting the minimal treatment evidence in the record.

Moreover, the ALJ did account for the severe physical impairments, as the ALJ limited Plaintiff to medium work. See SSR 96-8p, 1996 WL 374184, at *3 ("RFC may be expressed in terms of an exertional category, such as light, if it becomes necessary to assess whether an individual is able to do his or her past relevant work as it is generally performed in the national economy."); Hendron v. Colvin, 767 F.3d 951, 956-57 (10th Cir. 2014) (rejecting the claimant's argument that the ALJ's RFC was "not in the proper form" because the ALJ "was required to separately discuss and make findings regarding her abilities to sit, stand, walk, lift, carry, push, or pull," recognizing that the term "sedentary work" as a specific definition under the Commissioner's regulations and rulings).

In the RFC finding, the ALJ explained that the limitation to medium work accounted for Plaintiff's medically-supportable symptoms and the opinions of record (Tr. 18), and the ALJ explained how he came to that conclusion (Tr. 18-20). See SSR 96-8p, 1996 WL 374184, at *7 (addressing the requirements for articulating residual functional capacity finding). The ALJ's decision fulfilled the requirements of the regulations.

2. **Plaintiff's Non-Severe Mental Impairment and the RFC**

Plaintiff briefly states the ALJ erred by failing to account for Plaintiff's non-severe mental impairment within the RFC. (Pl. Br. at 5). Plaintiff cites Wells v. Colvin, 727 F.3d 1061, 1065–66, 1067–69 (10th Cir. 2013), for the proposition that, in light of the Commissioner's regulations, "a conclusion that the claimant's mental impairments are non-severe at step two does not permit the ALJ simply to disregard those impairments when assessing a claimant's RFC and making

conclusions at steps four and five." Id. at 1068–69. (Pl. Br. at 3). The ALJ reviewed Plaintiff's mental health history prior to deciding the RFC.

> There is no medically determinable mental impairment. At [the] consultative examination, claimant did not mention any mental problems. Claimant has normal reading and writing and normal problem solving, attention and judgment. She can do finances. She does not need medication reminders, she can cook, she can do house work, she can drive and shop in stores, her attention is good, she can follow written and spoken instructions … Counseling for a mental impairment has not been recommended or received. Careful review of all evidence indicates there are no work-related functional limitations resulting from any possible mental impairment, and there is no discrete mental impairment.

(Tr. 17-18). Thus, the ALJ reviewed the record and found the medical evidence or testimony did not establish a mental impairment. Therefore, the ALJ did not need to make an allowance in the RFC for a mental impairment. Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000) (ALJ was not required to include in his residual functional capacity assessment limitations which were not supported by the medical record).

### 3. ALJ Finding Plaintiff Can Perform Past Work at Step Four

Finally, Plaintiff states the ALJ erred by finding Plaintiff could perform past work at Step Four. (Pl. Br. at 5). After formulating the RFC, the ALJ found Plaintiff capable of performing past relevant medium, unskilled work as a packer, order picker, and industrial cleaner. (Tr. 21). The Vocational Expert found Plaintiff could perform her past relevant work at the provided RFC and the ALJ agreed. Id. In comparing Plaintiff's RFC with the physical and mental demands of past work, the ALJ found Plaintiff was able to perform it as actually and generally performed. Id. The Tenth Circuit has found the burden is on the plaintiff to establish the inability to do past work.

> [A]t step four it is Ms. Adams's burden to establish that she is unable to perform her past relevant work as a scanner operator both as she actually performed that work in the past and as it is generally performed in the national economy. See O'Dell v. Shalala, 44 F.3d 855, 859–60 (10th Cir. 1994); Andrade v. Sec'y of Health & Human Servs., 985 F.2d 1045, 1051 (10th Cir. 1993). The ALJ found— based on Ms. Adams's description of her past job duties and the vocational expert's testimony—that her past work as a scanner operator with the Salt Lake City police

fell within the definition of "scanner operator," as that job is defined by the
Dictionary of Occupational Titles (DOT).

Adams v. Colvin, 616 F. App'x 393, 394–95 (10th Cir. 2015) (unpublished).[2] Thus, the ALJ relied on the vocational expert testimony as well as Plaintiff's testimony to find she could her perform past work. See 20 C.F.R. § 404.1560(b)(2). Plaintiff did not establish her past work exceeded the limitations of the RFC. In a recent Tenth Circuit opinion, the Court rejected the plaintiff's Wells argument and found the ALJ properly considered the non-severe impairments.

> In the end, Ms. Ray does not challenge the sufficiency of the ALJ's RFC determination despite reciting medical evidence that she says contradicts the ALJ's findings. Absent an argument that the RFC is not based upon substantial evidence, we are left only with Ms. Ray's proposition that the ALJ erred in omitting her non-severe impairments from the RFC. Having discovered that, in assessing the RFC, the ALJ addressed and considered these impairments as well as Ms. Ray's fatigue, it is clear that the ALJ complied with the applicable regulations. Ms. Ray has therefore identified no basis for us to reverse the ALJ's decision. We affirm.

Ray v. Colvin, 657 F. App'x 733, 735 (10th Cir. 2016). Therefore, in accordance with Ray, the record provided substantial evidence to support the ALJ's RFC and the resulting decision Plaintiff could perform past work. The Tenth Circuit has explained the standard for substantial evidence, and it is not the reviewing court's position to reweigh the evidence or substitute judgment.

> "In reviewing the ALJ's decision, we neither reweigh the evidence nor substitute our judgment for that of the agency." Branum v. Barnhart, 385 F.3d 1268, 1270 (10th Cir. 2004). Rather, we examine the record as a whole to ascertain whether the ALJ's decision to grant benefits for a closed period, and to deny benefits thereafter, is supported by substantial evidence and adheres to the correct legal standards. See Shepherd v. Apfel, 184 F.3d 1196, 1199 (10th Cir. 1999). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007). It is "more than a scintilla, but less than a preponderance." Id.

---

[2] 10th Cir. R. 32.1 provides that "[u]npublished opinions are not precedential, but may be cited for their persuasive value."

Newbold v. Colvin, 718 F.3d 1257, 1262 (10th Cir. 2013). Accordingly, the decision provides substantial evidence a reasonable mind might accept as adequate to support the ALJ's conclusion Plaintiff could perform her past work in the national economy.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's appeal and **AFFIRMS** the Commissioner's decision in this case.

SO ORDERED this 18th day of August, 2017.

**Gerald B. Cohn**
**United States Magistrate Judge**